UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roger Allen,

       Plaintiff,                   Case No: 14-12219
                                            Honorable Victoria A. Roberts

vs

Equifax Information Services, LLC.,
et al,

       Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS AND DISMISSING CASE

The Court held a telephone conference on Tuesday, February 11, 2015 on Defendant Experian's second motion for sanctions. Attending were: Roger Allen, *in pro per*, Andrew Mast representing Equifax and Tamara Fraser representing Experian. The motion was fully briefed.

Based on the discussion held, Defendant's motion is **GRANTED**, and Plaintiff's complaint is **DISMISSED** for his failure to participate in discovery.

The Court entered two orders concerning discovery. The first, issued after the initial scheduling conference, ordered Plaintiff to provide Defendants with: all correspondence he has sent to disputed creditors; all medical records to support his claim for emotional distress damages; and, all records which support his claim that he has been denied credit, has had to obtain credit at higher interest rates, that his auto insurance rates have increased, and any other information that supports his claim that he has been damaged as a result of Defendants' actions or inactions.

The Plaintiff failed to make the required disclosures and Defendant Experian filed its first motion for sanctions. The Court declined to sanction Plaintiff but ordered him to provide the necessary disclosures by February 3, 2015 or face sanctions, including

1

dismissal. Plaintiff provided nine pages of documents, unresponsive to either of the Court's orders.

The current motion followed.

Under the Federal Rules of Civil Procedure, Rule 37, district courts are empowered to sanction parties for failure to participate in discovery: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Just orders can include the court "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Default judgment is even proper where a party "was on notice about the consequences of his behavior, with regards to unanswered discovery requests." *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 481-82 (6th Cir. 2006). The *Stamtec* court, in "determining whether [a] sanction of default judgment for failure to comply with discovery was warranted . . . imposed less drastic sanctions before entering default judgment." *Id.* at 482.

This Court did likewise. Plaintiff was given opportunities, with no sanctions but warnings, but failed to comply after being put on notice that the Court could dismiss his complaint. His lawsuit is **DISMISSED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 13, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Roger Allen by electronic means or U.S. Mail on February 13, 2015.

s/Linda Vertriest
Deputy Clerk

2